IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-03985-RTG

MING HUANG,

    Plaintiff,

v.

REDPEAK PROPERTIES, LLC,
SHERMAN RESIDENTIAL, LLC,
MARK WINDHAGER,
NICOLE MABANAG,
JUSTIN THORNBURG, and
FERNANDO VASQUEZ,

    Defendants.

---

### ORDER TO FILE AMENDED COMPLAINT

---

Plaintiff Ming Huang lives in Denver, Colorado. On December 11, 2025, Plaintiff filed *pro se* a "Complaint (Fair Housing Act) and Jury Demand" and an Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form). (ECF Nos. 1, 2). In response to a Court order, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form). (ECF No. 8). The Court has granted Plaintiff leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. (ECF No. 10). Accordingly, the Court reviews the complaint pursuant to § 1915(e)(2)(B) and D.C.COLO.LCivR 8.1(a).

The Court must construe Plaintiff's complaint liberally because she is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons below, Plaintiff must file an amended Complaint if she wishes to pursue any claims in this action.

## I.     PLAINTIFF'S PLEADING

Plaintiff's Complaint spans approximately 37 pages and names 6 defendants. (ECF No. 1). Plaintiff sues Sherman Residential LLC, an entity that owns the property where Plaintiff resided during the relevant events; RedPeak Properties, LLC, the property management company; the Chief Executive Officer of RedPeak Properties; and several employees of RedPeak Properties. (*Id.* at 1-4). The claims and allegations are disorganized and are difficult to follow, contain long narratives, and appear to be at least partially duplicative. As best as the Court can tell, the complaint presents 22 claims. The claims are titled as follows: (1) "Failure to Accommodate;" (2) "Disability Based Discrimination;" (3) "Discriminatory Terms, Conditions, and Privileges;" (4) "Harassment/Hostile Housing;" (5) "Sexual Harassment/Hostile Housing;" (6) "Quid Pro Quo/Sexual Harassment;" (7) "Protected Activity Retaliation;" (8) "Sexual Harassment/Retaliation;" (9) "Interference/Coercion/Intimidation;" (10) "Failure to Accommodate (State");" (11) "Disability Discrimination;" (12) "Disability Based Retaliation (State);" (13) "Sexual Harassment/Hostile Housing (State);" (14) "Sexual Harassment/Retaliation (State);" (15) "Constructive/Wrongful Eviction;" (16) "Negligent Supervision/Hiring/Training;" (17) "Negligent Retention;" (18) "Negligence Failure to Protect/Intervene;" (19) "Invasion of Privacy/Unauthorized Surveillance/Intrusion Upon Seclusion;" (20) "Abuse of Access/Intrusion/Abuse of Authority;" (21) "Fabrication of

Evidence;" and (22) "Civil Conspiracy." (*Id.* at 8-15).

As best the Court can tell, the supporting allegations discuss various forms of discrimination under the Fair Housing Act and Colorado's Anti-Discrimination Act. (*Id.* at 1-8). Plaintiff, who alleges she has disabilities, claims that she was denied "two disability-related accommodations" without "initiating the interactive process" and subjected to discriminatory terms and conditions arising out of an incident with the property manager of her residence. (*Id.*). The Complaint also includes allegations of sexual harassment and privacy violations that interfered with her "use and enjoyment of [her] home." (*Id.*). Plaintiff further alleges that the "Defendants' discriminatory actions, police involvement, document withholding, and rejection of my cure payment forced me to vacate my home on May 15, 2025, accounting to constructive and wrongful eviction." (*Id.* at 13). As relief, Plaintiff seeks injunctive and declaratory relief along with numerous categories of damages. (*Id.* at 15).

The Court will now discuss the pleading issues with the Complaint.

## II.  PLEADING ISSUES

### A.  Rule 8

Complaints must contain a short and plain statement of the facts explaining why a claim succeeds. Fed. R. Civ. P. 8(a)(2). A complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." *Id.* The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together,

Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Vague or unintelligible pleadings violate Rule 8.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to establish whether the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

But Plaintiff does not provide a short and plain statement of each claim that demonstrates she is entitled to relief. Instead, a significant portion of the Complaint contains unnecessary and improper narratives, explanations, and arguments for the claims Plaintiff is asserting rather than a clear and concise statement of the actual claims being asserted. Plaintiff includes a lengthy introductory section, however, it is unclear how this narrative supports each asserted claim for relief. And with respect to the actual claims Plaintiff is asserting, she still fails to allege specific facts that demonstrate what each Defendant did or failed to do that allegedly violated his rights. Instead, in each claim she offers a few vague and conclusory allegations and recites legal standards. As a result, Defendants and the Court are left to speculate about the precise claims being asserted.

In any amended pleading, Plaintiff must allege in a clear, concise, and organized manner the factual allegations explaining what each defendant did to Plaintiff, when the

defendant did it, how the defendant's action (or inaction) harmed Plaintiff, what specific legal right Plaintiff believes the defendant violated, and what specific relief Plaintiff requests as to each claim and defendant. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (citations omitted).

    **B.**    **42 U.S.C. § 1983 - State Action Requirement**

It appears that Plaintiff is attempting to assert some of her claims against defendants that may not represent the State of Colorado. Plaintiff is advised that § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). Thus, the only proper defendants in a § 1983 action are those who "'represent [the state] in some capacity, whether they act in accordance with their authority or misuse it.'" *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988) (quoting *Monroe v. Pape*, 365 U.S. 167, 172 (1961)). In order to satisfy the under-color-of-state-law element, a plaintiff must show that he or she was deprived of a federal right through conduct that is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). If Plaintiff intends to pursue a § 1983 claim, she must satisfy the "under-color-of-state-law" element and provide facts in the body of the pleading to show that a named defendant was personally involved in a deprivation of her federal rights. *See Henry v. Storey,* 658 F.3d 1235, 1241 (10th Cir. 2011) (stating that allegations of "personal participation in the

specific constitutional violation complained of [are] essential" in a §1983 action).

### C.     Pleading Requirements

In the amended Complaint, Plaintiff must allege sufficient facts to meet the legal standard applicable to each asserted claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.") (cleaned up).

   1. *Fair Housing Act claim.*

Section 3604 makes it unlawful to discriminate against any person in the sale or rental of a dwelling, or to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling or in the provision of services or facilities in connection with a dwelling because of the renter's race, color, religion, sex, familial status, national origin, or handicap. *See* 42 U.S.C. §§ 3604(a), (b) and (f). Sections 3605 and 3606 address discrimination in residential real estate-related transactions and in the provision of brokerage services. Under section § 3617

> It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title.

42 U.S.C. § 3617.

"[A] plaintiff makes out a prima facie case of intentional discrimination under the FHAA merely by showing that a protected group has been subjected to explicitly

differential—i.e. discriminatory—treatment." *Bangerter v. Orem City Corp.*, 46 F.3d 1491, 1501 (10th Cir. 1995). In order to state a claim under § 3617, Plaintiff must allege that: "(1) plaintiff is a member of a protected class under the Fair Housing Act; (2) plaintiff exercised or enjoyed a right protected by Sections 3603 through 3606, or aided or encouraged others in exercising or enjoying such rights; (3) intentional discrimination at least partially motivated defendants' conduct; and (4) defendants' conduct constituted coercion, intimidation, threat, or interference on account of having exercised, or aided or encouraged others in exercising, a right protected under Sections 3603 through 3606." *Zhu v. Countrywide Realty Co., Inc.*, 160 F.Supp.2d 1210, 1233 (D. Kan. 2001); *see also South Middlesex Opportunity Council, Inc. v. Town of Framingham*, 752 F. Supp. 2d 85, 95 (D. Mass. 2010).

    2. *Colorado's Anti-Discrimination Act.*

The Colorado Anti-Discrimination Act prohibits unfair housing practices "because of disability, race, creed, color, sex, sexual orientation, gender identity, gender expression, marital status, familial status, veteran or military status, religion, national origin, or ancestry." Colo. Rev. Stat. § 24-34-502(1)(a)(I). Plaintiff must allege specific facts that demonstrate she was subjected to an unfair housing practice because of a disability or her race, creed, color, sex, sexual orientation, gender identity, gender expression, marital status, familial status, veteran or military status, religion, national origin, or ancestry.

Plaintiff's amended Complaint must allege facts to meet these standards.

### III.     CONCLUSION

Accordingly, it is

ORDERED that Plaintiff file, **within thirty (30) days of the date of this order, an amended Complaint on the court-approved general Complaint form**, available at www.cod.uscourts.gov, that complies with the directives in this order. To be clear, Plaintiff must submit a single, fully completed amended Complaint as one document that contains all claims and allegations, not to exceed 30 pages. Plaintiff is advised that the Court is not required to sort through multiple pleadings to ascertain her claims or compile the required information from multiple documents. It is

FURTHER ORDERED that, if Plaintiff fails to file an amended Complaint within the time allowed, the Court may dismiss this action without further notice.

Finally, Plaintiff is advised that she may contact the Federal Pro Se Clinic at (303) 380-8786 or https://www.cobar.org/cofederalproseclinic for possible assistance in this matter. The Federal Pro Se Clinic is located on the first floor of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294.

DATED January 29, 2026.

BY THE COURT:

*Richard T. Gurley*

Richard T. Gurley
United States Magistrate Judge