IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Richard T. Gurley, United States Magistrate Judge

Civil Action No. 25-cv-03985-LTB-RTG

MING HUANG,

    Plaintiff,

v.

REDPEAK PROPERTIES, LLC,
SHERMAN RESIDENTIAL, LLC,
MARK WINDHAGER,
NICOLE MABANAG,
JUSTIN THORNBURG, and
FERNANDO VASQUEZ,

    Defendants.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter comes before the Court on the Complaint (ECF No. 1) filed *pro se* by Plaintiff Ming Huang. The matter has been referred to this Magistrate Judge for recommendation (ECF No. 13).[1]

The Court must construe the Complaint liberally because Plaintiff is not

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

1

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

The Court has reviewed the filings to date. The Court has considered the entire case file and applicable law and is sufficiently advised in the premises. This Magistrate Judge respectfully recommends that the Complaint be dismissed.

## I. DISCUSSION

**A.    Background**

Proceeding *pro se,* Plaintiff initiated this action on December 11, 2025 by filing with the Court *pro se* a "Complaint (Fair Housing Act) and Jury Demand" and an Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form). (ECF Nos. 1, 2). In response to a Court order, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form). (ECF No. 8). The Court has granted Plaintiff leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. (ECF No. 10). On January 29, 2026, the Court reviewed the pleading and entered an order directing Plaintiff to file an amended Complaint on the court-approved form that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and asserts cognizable claims for relief. (ECF No. 11). Plaintiff has not filed an amended complaint within the time allowed. Therefore, the Complaint (ECF No. 1), filed on December 11, 2025, is the operative pleading before the Court. As such, the Court reviews its sufficiency and will discuss the reasons dismissal is recommended.

**B.     The Complaint**

Plaintiff's Complaint spans approximately 37 pages and names 6 defendants. (ECF No. 1). Plaintiff sues Sherman Residential LLC, an entity that owns the property where Plaintiff resided during the relevant events; RedPeak Properties, LLC, the property management company; the Chief Executive Officer of RedPeak Properties; and several employees of RedPeak Properties. (*Id*. at 1-4). The claims and allegations are disorganized and are difficult to follow, contain long narratives, and appear to be at least partially duplicative. In the Complaint, Plaintiff presents 22 claims. The claims are titled as follows: (1) "Failure to Accommodate;" (2) "Disability Based Discrimination;" (3) "Discriminatory Terms, Conditions, and Privileges;" (4) "Harassment/Hostile Housing;" (5) "Sexual Harassment/Hostile Housing;" (6) "Quid Pro Quo/Sexual Harassment;" (7) "Protected Activity Retaliation;" (8) "Sexual Harassment/Retaliation;" (9) "Interference/Coercion/Intimidation;" (10) "Failure to Accommodate (State)"; (11) "Disability Discrimination;" (12) "Disability Based Retaliation (State);" (13) "Sexual Harassment/Hostile Housing (State);" (14) "Sexual Harassment/Retaliation (State);" (15) "Constructive/Wrongful Eviction;" (16) "Negligent Supervision/Hiring/Training;" (17) "Negligent Retention;" (18) "Negligence Failure to Protect/Intervene;" (19) "Invasion of Privacy/Unauthorized Surveillance/Intrusion Upon Seclusion;" (20) "Abuse of Access/Intrusion/Abuse of Authority;" (21) "Fabrication of Evidence;" and (22) "Civil Conspiracy." (*Id*. at 8-15).

As best the Court can tell, the supporting allegations discuss various forms of discrimination under the Fair Housing Act and Colorado's Anti-Discrimination Act. (*Id*. at

3

1-8). Plaintiff, who alleges she has disabilities, claims that she was denied "two disability-related accommodations" without "initiating the interactive process" and subjected to discriminatory terms and conditions arising out of an incident with the property manager of her residence. (*Id.*). The Complaint also includes allegations of sexual harassment and privacy violations that interfered with her "use and enjoyment of [her] home." (*Id.*). Plaintiff further alleges that the "Defendants' discriminatory actions, police involvement, document withholding, and rejection of my cure payment forced me to vacate my home on May 15, 2025, accounting to constructive and wrongful eviction." (*Id*. at 13). As relief, Plaintiff seeks injunctive and declaratory relief along with numerous categories of damages. (*Id*. at 15).

**C.   Federal Pleading Standards**

As Plaintiff was advised in the order to amend, Rule 8(a) of the Federal Rules of Civil Procedure provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. To comply with Rule 8, Plaintiff must allege, clearly and concisely, what each defendant did to her, when the defendant did it, how the defendant's action harmed her, and what specific legal right she believes the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (citations omitted).

The Complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure because Plaintiff does not provide a short and plain statement of each claim that demonstrates she is entitled to relief. Instead, a significant portion of the Complaint contains unnecessary and improper narratives, explanations, and arguments for the claims Plaintiff is asserting rather than a clear and concise statement of the actual claims being asserted. Plaintiff includes a lengthy introductory section, however, it is unclear how this narrative supports each asserted claim for relief. And with respect to the actual claims Plaintiff is asserting, she still fails to allege specific facts that demonstrate what each Defendant did or failed to do that allegedly violated her rights. Instead, in each claim she offers a few vague and conclusory allegations and recites legal standards. As a result, Defendants and the Court are left to speculate about the precise claims being asserted.

Additionally, as Plaintiff was advised, 42 U.S.C. § 1983 provides a remedy when an individual's constitutional rights are violated under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). Thus, the only proper defendants in a § 1983 action are those who "'represent [the state] in some capacity, whether they act in accordance with their authority or misuse it.'" *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988) (quoting *Monroe v. Pape*, 365 U.S. 167, 172 (1961)). To satisfy the under-color-of-state-law element, a plaintiff must show that she was deprived of a federal right through conduct that is "fairly

attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Here, Plaintiff has failed to provide facts that the named Defendants represent the State and whose conduct is attributable to the State. Rather, the Defendants appear to be private entities and private individuals.

Accordingly, despite the Court's warning, Plaintiff has failed to provide a short and plain statement of any claim showing an entitlement to relief. Thus, the Complaint does not comply with Rule 8.

### D.   Failure to Comply with a Court Order

Finally, Plaintiff has not filed an amended complaint as ordered. Consequently, this action may also be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to comply with a Court order. *U.S. ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) (holding that "dismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules").

## II. RECOMMENDATION

For the reasons set forth herein, this Magistrate Judge respectfully

RECOMMENDS that the Complaint (ECF No. 1) and the action be **dismissed without prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with the pleading requirements of Rule 8.

DATED March 13, 2026.

BY THE COURT:

*Richard T. Gurley*

Richard T. Gurley
United States Magistrate Judge